**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD DIVISION**

SOUND ADVICE, INC., a Florida corporation,

      Plaintiff,

    v.

MONOGRAM CREDIT CARD BANK OF
GEORGIA, a Georgia banking corporation,

      Defendant.

_____/

Case No. 00-6050
CIV-ZLOCH

Magistrate Judge Seltzer

**NIGHT BOX**
**FILED**

FEB 1 7 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

      Defendant, Monogram Credit Card Bank of Georgia ("Monogram"), through undersigned counsel, hereby moves this Court for the entry of an Order pursuant to Rule 12(b)(6), Fed.R.Civ.P., dismissing the complaint in this action upon the grounds that it fails to state a claim against Monogram upon which relief can be granted.

### Overview

      This action involves a written agreement between the Plaintiff retail electronics chain Sound Advice, Inc. and the Defendant banking company Monogram, pursuant to which Monogram was to provide a "private label" credit card for qualifying Sound Advice customers over a seven-year term. The parties' respective obligations are expressly set forth in their Credit Card Program Agreement and Amendment (the "Contract").

      Although the case is nothing more than a basic contract dispute, the Plaintiff filed a "kitchen sink" complaint, with a half-dozen counts sounding in both contract and tort, apparently in order to: attempt to introduce allegations of an inadmissible purported oral

5

statement by Monogram; make an improper and inflammatory reference to punitive damages (which should be stricken from the complaint); and try to persuade the Court that the case is more complex than it really is. But the Plaintiff cannot convert its simple contract claim into tort claims with the additional bare assertion that Monogram's promises must have been false because they ultimately were breached. And, even the contract claims, as presently pled, are legally deficient, seeking to enforce purported obligations that are contradicted by the express terms of the Contract.

The complaint should be dismissed on other grounds, too; all are addressed below.

### The Misrepresentation and Inducement Claims Are Barred

The complaint alleges in Counts V and VI that Monogram orally misrepresented it would reimburse the Plaintiff for promotion of the credit card program up to $100,000 for each of years six and seven of the Contract (apparently without limitation on the total maximum over the seven-year term). This is also one of the bases of the breach of contract claims. However, the Plaintiff is prohibited from suing for exactly the same wrong and for the same relief under theories of both contract and tort. Additionally, claims based on a purported oral representation are precluded by the amendment and merger clauses of the Contract, which provide, respectively, that the Contract could not be amended except in writing and that the parties did not rely on representations other than those embodied in the written agreement.

Furthermore, Count V for fraudulent misrepresentation fails to allege that Monogram knew its purported representation regarding the reimbursement for promotional expenses was false at the time it was made – an allegation essential to sustain a claim for fraud.

### The Unjust Enrichment Claim Is Not Available
### Where the Plaintiff Affirms an Express Contract

The complaint alleges in Count III that Monogram was unjustly enriched because it allegedly failed to fulfill the aforementioned purported contractual obligations. This claim cannot be maintained because the Plaintiff affirms and sues under an express contract.

### The Equitable Accounting Claim Is Not Available
### Where There Is An Adequate Remedy at Law

The Plaintiff seeks in Count IV an equitable accounting of fees Monogram was paid in connection with the financing of purchases where the merchandise was ultimately returned to the Plaintiff's stores. However, the Complaint alleges no facts to support the conclusion that the Plaintiff has no adequate remedy at law, and an equitable accounting is not appropriate simply to calculate the amount due on a contract.

### The Breach of Contract Claims
### Are Contradicted by the Contract and Based on Conclusory Statements

The complaint alleges in Count I that Monogram breached the Contract by (i) failing to refund "discount" or "service" fees it was paid in connection with the financing of purchases where the merchandise was ultimately returned to the Plaintiff's stores, and (ii) failing during the last two years of the contract to reimburse the Plaintiff up to $100,000 each year for promotional activities (apparently with no limitation on the total maximum over the seven-year term). These claims are defective because Monogram simply was not required under the express terms of the unambiguous Contract to do what the Plaintiff alleges; indeed, the express language of the Contract contradicts these allegations. Additionally, the allegation that Monogram should have reimbursed the Plaintiff up to $100,000 for promotion during each of the last two years of the term is based upon an alleged oral promise by Monogram, and thus is barred by the Statute of

Frauds. The complaint also alleges in Count I that Monogram breached the Contract by (iii) failing to cooperate in the establishment, operation and promotion of the credit card program and (iv) improperly increasing certain fees charged to the Plaintiff. These conclusory statements are not supported by any factual allegations and therefore are deficient.

The complaint alleges in Count II that Monogram breached the implied duties of good faith and fair dealing. However, Count II contains exactly the same allegations as Count I for breach of the Contract's express terms, and nothing more. Because the implied duties of good faith and fair dealing cannot contradict the express terms of a contract, this count also must fail.

**WHEREFORE** Defendant Monogram Credit Card Bank of Georgia respectfully requests that the foregoing motion be granted in all respects.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a copy of the foregoing was served by mail on Alan D. Lash, Esq., Lash & Goldberg LLP, attorneys for Plaintiff, 100 S.E. 2nd Street, Suite 1200, NationsBank Tower, Miami, Florida 33131-2158 this _____ day of February, 2000.

WEIL, GOTSHAL & MANGES LLP
Attorneys for Defendant
701 Brickell Avenue, Suite 2100
Miami, Florida 33131
Tel. (305)577-3100
Fax. (305)374-7159

By: _____
Bruce J. Berman (Fla. Bar #159280)
Valerie B. Itkoff (Fla. Bar #26514)