CASE NO. 00-6050 CIV-ZLOCH/SELTZER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

SOUND ADVICE, INC., a
Florida corporation,

    Plaintiff,

v.

MONOGRAM CREDIT CARD BANK
OF GEORGIA, a Georgia banking
corporation,

    Defendant.
_____/

**PLAINTIFF'S UNOPPOSED RENEWED MOTION FOR ENLARGEMENT
OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, SOUND ADVICE, INC., ("Sound Advice") by and through its undersigned counsel, pursuant to Rule 6(b)(1), Fed.R.Civ.P., and Local Rule 7.1(A)(1)(j), and 7.1(A)(3), hereby files its Unopposed Renewed Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss Complaint. The grounds for this motion are stated below.

1.     Sound Advice originally filed its Complaint in the Broward County Circuit Court on or about December 13, 1999.

2.     Subsequent to the filing of the Complaint, in-house counsel for the Defendant requested an extension of time of thirty (30) days within which to review the Complaint, gather information and documentation relevant to the issues raised in the Complaint, identify employees with knowledge of the issues raised in the Complaint, and retain local



CASE NO. 00-6050 CIV-ZLOCH/SELTZER

counsel. As a professional courtesy, undersigned counsel for Sound Advice agreed to this request. Accordingly, by agreement of counsel, Defendant's response to the Complaint was due to be served and filed on February 1, 2000. This agreement was memorialized in a letter between the parties - no motion for extension of time was served by the Defendant and, accordingly, no Order was entered by this Court.

3.   On or about January 10, 2000, Defendant removed the case from the Broward County Circuit Court to this Court. Thereafter, Defendant's counsel of record in this case, Valerie Itkoff, Esq., advised that she had recently returned to the office following maternity leave and requested an additional extension of time to serve Defendant's response to the Complaint. As an additional professional courtesy, undersigned counsel agreed to this second request for an extension of time; provided, however, that no additional extensions of time would be requested by the Defendant. Again, no motion for extension of time was served by the Defendant and, accordingly, no Order was entered by this Court.

4.   On February 11, 2000, Defendant served its Motion to Dismiss Complaint and Memorandum of Law, in which it moved to dismiss all six counts of Sound Advice's Complaint. The Motion to Dismiss raises a myriad of procedural and substantive issues.

5.   On February 15, 2000, this Court entered an Order Denying the Motion to Dismiss without prejudice due to the Defendant's failure to comply with Local Rule 7.1(A)(4), requiring the submission of stamped, addressed envelopes with every motion filed in this Court. On or February 17, 2000, counsel for Defendant re-submitted its Motion to Dismiss to the Court with the previously omitted envelopes, and served a copy of the

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

Court's February 15, 2000 Order on undersigned counsel. Defendant did not move for reconsideration of or to vacate the February 15, 2000 Order, however. To date, therefore, the Court has not vacated the February 15, 2000 Order denying the Motion to Dismiss and, at this juncture, the Motion to Dismiss therefore technically stands denied.

6.      In the event the Motion to Dismiss was deemed to remain pending, however, Sound Advice's response to the Motion to Dismiss was arguably due to be served on February 29, 2000. Due to the uncertainty surrounding the status of the Motion to Dismiss in light of the Court's February 15 Order, and the Defendant's subsequent re-submission of the Motion to Dismiss, Sound Advice calculated its response date in the most conservative fashion possible in accordance with Local Rule 7.1(C)(1). Sound Advice's time calculations - ten (10) days (excluding weekends and Holidays) plus three additional days for mailing time - were premised on the date the Motion to Dismiss was _originally_ served on February 11, 2000. Accordingly, Sound Advice conservatively calculated the response to the Motion to Dismiss to be due on February 29, 2000.

7.      However, in light of the Court's February 15 Order Denying the Motion to Dismiss without prejudice, and Defendant's re-submission of the Motion to Dismiss on February 17, 2000, Sound Advice's response to the Motion to Dismiss could also arguably be due to be served on March 6, 2000 in accordance with Local Rule 7.1(C)(1). This calculation is premised upon a service date by mail for the Motion to Dismiss of February 17, 2000 - the date on which Defendant re-submitted its original Motion to Dismiss to the Court with the requisite envelopes.

8.      Nonetheless, in an abundance of caution, and due to the number of issues

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

raised in the Motion to Dismiss, extensive commitments of undersigned counsel in other pending matters, and the uncertainty surrounding the status of the Court's February 15 Order denying the Motion to Dismiss, on February 28, 2000, Sound Advice timely filed and served its motion for an extension of time to analyze the issues raised in the Motion to Dismiss and prepare its response.

9. In accordance with Local Rule 7.1(A)(3), prior to filing the motion for extension of time, undersigned counsel attempted to confer with counsel for Defendant, Valerie Itkoff, Esq., with respect to the requested enlargement. Undersigned counsel left a detailed message with Ms. Itkoff's secretary regarding the requested extension, but was unable to contact her personally as she was out of town. Consequently, undersigned counsel was unable to represent to the Court whether or not Defendant's counsel objected to the requested extension of time.

10. Subsequent to filing the motion for an extension of time, undersigned counsel conferred with counsel for the Defendant, Ms. Itkoff, who graciously advised that the Defendant did not object to the requested extension of time. By Order dated February 29, 2000, however, this Court denied Sound Advice's motion for an extension of time to serve its response to the Motion to Dismiss.

11. In light of the foregoing, Sound Advice respectfully files this renewed motion for enlargement of time and specifically requests an enlargement of time based upon Defendant's filing of its Motion to Dismiss on February 17, 2000, requiring Plaintiff's response to be filed on March 6, 2000. Although proceeding based upon the February 17, 2000, date provides Defendant with an additional five (5) days to file its response, in

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

addition to the reasons previously articulated in Defendant's initial motion for enlargement of time and referred to above, undersigned counsel is currently ill and at home, and unable to work on the response.  Therefore, an additional enlargement of time to respond of up through and including March 13, 2000, is respectfully sought herein.  Again, opposing counsel has previously agreed to an extension of time beyond the March 13, 2000, date sought herein, and therefore this renwed motion is filed unopposed.

12. Notwithstanding prior extensions of time afforded to Defendant's counsel, the parties have been diligently moving this case forward. The parties have held the requisite Rule 16 scheduling conference, have agreed upon a proposed Scheduling Order to be submitted to the Court, and are in the process of exchanging available documents and witness information.  Sound Advice's requested extension of time has been made in good faith and not for purposes for delay.  Accordingly, Sound Advice respectfully submits that it has demonstrated good cause in a timely fashion to justify a brief extension of time to prepare and serve its response.

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

WHEREFORE, Plaintiff, SOUND ADVICE, INC., respectfully requests that the Court grants its unopposed renewed motion for an enlargement of time of up through and including March 13, 2000.

Respectfully Submitted:

**LASH & GOLDBERG LLP**
Suite 1200, NationsBank Tower
100 S.E. Second Street
Miami, Florida 33131-2100
(305) 347-4040
(305) 347-4050 Fax

Attorneys for Sound Advice, Inc.

By: _____ For
**ALAN D. LASH**
Florida Bar No. 510904
**KATHRYN M. FRIED**
Florida Bar No. 0065293

\

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by Telecopier and United States Mail this __2__ day of March, 2000, to Valerie Itkoff, Esq., Weil Gotshal & Manges LLP, 701 Brickell Avenue, Suite 2100, Miami, FL 33131-2861.

By: _____ For
**ALAN D. LASH**