UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

SOUND ADVICE, INC., a Florida corporation,

    Plaintiff,

v.

MONOGRAM CREDIT CARD BANK OF GEORGIA, a Georgia banking corporation,

    Defendant.

_____/

Case No. 00-6050
CIV-ZLOCH

Magistrate Judge Seltzer

NIGHT BOX
FILED

MAR 2 3 2000

CARLOS JUENKE
CLERK, USDC / SDFL / FTL

### DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant, Monogram Credit Card Bank of Georgia ("Monogram"), through undersigned counsel, hereby moves this Court for the entry of an Order pursuant to Rule 12(b)(6) and Rule 9(b), Fed.R.Civ.P., dismissing the Amended Complaint in this action upon the grounds that it fails to state a claim against Monogram upon which relief can be granted and that certain claims are not pled with the requisite specificity.

### Overview

This action involves a written agreement between the Plaintiff retail electronics chain Sound Advice, Inc. and the Defendant banking company Monogram, pursuant to which Monogram was to provide a "private label" credit card for qualifying Sound Advice customers over a seven-year term. The parties' respective obligations are expressly set forth in their Credit Card Program Agreement and Amendment (the "Contract"), which is incorporated into the Amended Complaint and therefore is to be considered in the determination of this motion to dismiss.

MI1:\85971\03\1%C303!.DOC\47660.1802

Case No. 00-6050

Although the case is nothing more than a basic contract dispute, the Plaintiff filed a "kitchen sink" Amended Complaint, with a dozen counts (the original Complaint had six counts and was expanded in direct response to Monogram's original Motion to Dismiss) sounding in both contract and tort, as well as seeking legal and equitable relief, apparently in order to: have the court rewrite the Contract, which is clear on its face and does not impose on Monogram the duties the Plaintiff now complains of; attempt to introduce allegations of an inadmissible purported oral statement by Monogram; make an improper and inflammatory reference to punitive damages (which should be stricken from the Amended Complaint, along with the Plaintiff's wholly improper references to Monogram as "General Electric Capital Corporation"); and try to persuade the Court that the case is more complex than it really is. But the Plaintiff cannot recover for breaches of purported obligations that are contradicted by the express terms of the Contract. It cannot sue for exactly the same conduct under theories of both contract and tort. Nor can it have this court rewrite the contract because the Plaintiff now would like the contract to provide differently than its express terms.

The Amended Complaint should be dismissed on other grounds, too; all are addressed below.

### The Breach of Contract Claims (Counts I-III, VI and XI) Are Contradicted by the Contract, Are Barred by the Statute of Fraud and/or Are Based on Conclusory Statements

The Amended Complaint alleges in Count III that Monogram breached the Contract's express terms by failing to refund "discount" or "service" fees it was paid in connection with the financing of purchases where the merchandise was ultimately returned to the Plaintiff's stores. It alleges in Count VI that Monogram breached the Contract's express terms by failing during the last two years of the term to reimburse the Plaintiff up to $100,000 each

Case No. 00-6050

year for promotional activities (apparently with no limitation on the total maximum over the seven-year term). These claims are defective and should be dismissed because Monogram simply was not required under the express terms of the unambiguous Contract to do what the Plaintiff alleges; indeed, the express language of the Contract contradicts these allegations. Additionally, the allegation that Monogram should have reimbursed the Plaintiff up to $100,000 for promotion during each of the last two years of the term is based upon an alleged oral promise by Monogram, and thus is barred by the Statute of Frauds.

The Amended Complaint also alleges in Count I that Monogram breached the Contract's express terms by increasing certain fees charged to the Plaintiff in bad faith and in Count II that Monogram breached the Contract's express terms by failing to cooperate in the establishment, operation and promotion of the credit card program. These are nothing more than conclusory statements that are not supported by any factual allegations and therefore are deficient.

The Amended Complaint alleges in Count XI that Monogram breached the implied duty of good faith and fair dealing. However, Count XI contains exactly the same allegations as Counts I-III and VI for breach of the Contract's express terms, and nothing more. Because the implied duties of good faith and fair dealing cannot contradict the express terms of a contract, this count also must fail.

### The Misrepresentation and Inducement Claims (Counts VIII and IX) Are Barred By the Economic Loss Rule and the Contract's Own Terms and Are Insufficiently Pled

The Amended Complaint alleges in Counts VIII and IX that Monogram orally misrepresented it would reimburse the Plaintiff for promotion of the credit card program up to $100,000 for each of years six and seven of the Contract (apparently without limitation on the

total maximum over the seven-year term, notwithstanding the clear provision in the Contract capping the total payout). This is also one of the bases of the breach of contract claims, specifically Count XI. However, the Plaintiff is prohibited from suing for exactly the same wrong under theories of both contract and tort. Additionally, claims based on a purported oral representation are precluded by the amendment and merger clauses of the Contract, which provide, respectively, that the Contract could not be amended except in writing and that the parties did not rely on representations other than those embodied in the written agreement. The allegations also are inadequate under Rule 9 (b), Fed. R. Civ. P., because they fail to set forth the time or place of the purported misrepresentations.

### The Claims for Equitable Relief (Counts IV, V, VII, X and XII) Are Improperly Pled and/or Are Not Available

The Amended Complaint alleges in Counts V and X that the Contract was based on unilateral or mutual mistakes and should be equitably reformed to impose obligations regarding refunding certain "discount" and "service" fees and reimbursement for promotional expenses, respectively. However, the Amended Complaint fails to allege the facts or circumstances of the purported mistakes or corresponding alleged fraud with the specificity required by Rule 9 (b), Fed.R.Civ.P. Read in combination with the many other counts in the oversized Amended Complaint, it is clear that these counts are nothing but an attempt to have the Court rewrite the Contract to impose the very same obligations the Plaintiff claims in other counts were expressly set forth in the Contract and breached by Monogram. These counts are improperly pled and should be dismissed.

Case No. 00-6050

The Amended Complaint alleges in Counts IV and VII that Monogram was unjustly enriched because it allegedly failed to fulfill the purported contractual obligations of: (i) refunding "discount" or "service" fees it was paid in connection with the financing of purchases where the merchandise was ultimately returned to the Plaintiff's stores; and (ii) failing to reimburse Sound Advice up to $100,000 each year for promotional activities (apparently with no limitation on the total maximum over the seven-year term). These claims in equity cannot be maintained because the Plaintiff affirms and sues under an express contract.

The Plaintiff seeks in Count XII an equitable accounting of fees Monogram was paid in connection with the financing of purchases where the merchandise was ultimately returned to the Plaintiff's stores. However, the Amended Complaint alleges no facts to support the conclusion that the Plaintiff has no adequate remedy at law, and an equitable accounting is not appropriate simply to calculate the amount due on a contract.

**WHEREFORE** Defendant Monogram Credit Card Bank of Georgia respectfully requests that the foregoing motion be granted in all respects.

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that a copy of the foregoing was served by mail on Alan D. Lash, Esq., Lash & Goldberg LLP, attorneys for Plaintiff, 100 S.E. 2nd Street, Suite 1200, NationsBank Tower, Miami, Florida 33131-2158 this 23 day of March, 2000.

    **WEIL, GOTSHAL & MANGES LLP**
    Attorneys for Defendant
    701 Brickell Avenue, Suite 2100
    Miami, Florida 33131
    Tel. (305) 577-3100
    Fax. (305) 374-7159

    By: _____
        Bruce J. Berman (Fla. Bar #159280)
        Valerie B. Itkoff (Fla. Bar #26514)