UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

SOUND ADVICE, INC., a
Florida corporation,

      Plaintiff,

v.

MONOGRAM CREDIT CARD BANK OF
GEORGIA, a Georgia banking corporation,

      Defendant.

_____/



## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

      Plaintiff, Sound Advice, Inc. ("Sound Advice"), respectfully submits its Memorandum of Law in Opposition to Defendant's Motion to Dismiss Amended Complaint. For the reasons stated below, Sound Advice respectfully submits that the Motion to Dismiss should be denied in its entirety.

## I.  INTRODUCTION

### A. Procedural Background

      On December 13, 1999, Sound Advice filed a Complaint in the Circuit Court in and for Broward County, Florida against Defendant, Monogram Credit Card Bank of Georgia, an affiliate of General Electric Credit Corporation ("GECC"). GECC thereafter removed the action to this Court on or about January 10, 2000, and subsequently filed a Motion to Dismiss the Complaint. In response to certain technical pleading issues raised in GECC's Motion to Dismiss, and in an effort to clarify the Complaint in the hopes of avoiding further protracted motion practice, Sound Advice filed an Amended Complaint on March 6, 2000. GECC now has moved to dismiss the Amended Complaint.  The parties submitted a



proposed Joint Scheduling Order to the Court on February 28, 2000.

## B. Factual Background

This lawsuit arises out of GECC's conduct in connection with a Credit Card Program Agreement (the "Agreement") entered into by and between GECC and Sound Advice in 1992, as amended in 1996 (the "Amendment"). As alleged in the Amended Complaint, the Agreement provides that GECC would make financing available to qualified customers of Sound Advice for purchases of merchandise or services at Sound Advice stores. The Agreement contemplates that for each qualified credit card applicant, GECC would open an account for the customer, issue a credit card to the customer, and extend credit to the customer for the purchase of merchandise or services at the stores. The decision to extend credit, and the terms of any such credit extension, were within GECC's sole discretion and control.

In connection with the establishment of the credit card program contemplated under the Agreement. Sound Advice and GECC agreed to extensively promote the program. The Agreement required GECC to reimburse Sound Advice for expenses it incurred in connection with the promotion of the credit card program up to certain specified amounts. The Agreement additionally required the parties to cooperate with each other in connection with the establishment and operation of the program and the promotion of the program.

In exchange for the extension of credit to qualified Sound Advice customers, Sound Advice agreed to pay a "discount" fee to GECC. With respect to certain "interest free" sales promotions, the Agreement contemplated that the discount fee would be calculated based on several financing factors such as the pay-off or payout rates and money cost charges. The original term of the Agreement was for a five (5) year period, and would be automatically renewed unless otherwise terminated. The Agreement allowed either party to terminate the Agreement without cause after notice.

Prior to the expiration of the term of the Agreement, the parties entered into an

2

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

Amendment. Among other things, the Amendment extended the initial term of the Agreement for an additional two-year period, renamed "discount fee" to "service fee," and, importantly, eliminated Sound Advice's ability to unilaterally terminate the Agreement without cause. In addition, the Amendment granted GECC the right to unilaterally change the service fee schedule during the term of the Agreement. However, any change GECC made to the "service fee" had to be made in good faith and on commercially reasonable terms.

### C. **The Amended Complaint and the Motion to Dismiss**

The Amended Complaint seeks redress with regard to four separate and distinct occurrences and events arising out of the Agreement and the Amendment. In general, Sound Advice alleges as follows:

(i)    GECC breached the Agreement and the Amendment by making unilateral, substantial and inappropriate increases to the fees charged to Sound Advice under the Agreement and the Amendment in bad faith and on terms which were not commercially reasonable under the circumstances;

(ii)    GECC breached its express contractual duty to cooperate in good faith with Sound Advice under the Agreement in connection with a pre-approved credit promotion, resulting in substantial losses to Sound Advice, as well as injury and damage to its business reputation and goodwill with its customers;

(iii)    In order to induce Sound Advice to enter into the Amendment and, among other things, relinquish its right to unilaterally terminate the Agreement without cause, GECC specifically represented that it would continue to reimburse Sound Advice for promotional expenses incurred during each of the two additional contract years contemplated in the Amendment.  Notwithstanding this representation, GECC failed to reimburse Sound Advice for promotional expenses incurred; and,

(iv)    In violation of the terms, conditions, spirit and intent of the Agreement and

3

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

Amendment, GECC retained the "discount fees" or "service fees" charged to Sound Advice in situations where merchandise purchased during a promotional period had been returned or transactions were reversed.

The Amended Complaint asserts common law claims for breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, fraudulent and negligent misrepresentation and inducement, equitable reformation, and an equitable accounting. Several of the claims are pled specifically in the alternative to other claims. For example, with regard to the claim pertaining to GECC's retention of "discount" or "service" fees, Sound Advice asserts alternative claims for breach of contract, unjust enrichment, and equitable reformation.

In its Motion to Dismiss, GECC suggests that the Amended Complaint should be dismissed for a myriad of reasons. The majority of the purported grounds for dismissal are premised largely upon GECC's misunderstanding of the Amended Complaint, both in substance and in form. In other grounds for dismissal, GECC implicitly suggests that the Court resolve ultimate issues in the case at the pleading stage. Each of these issues is addressed separately below, and none of the issues raised warrants dismissal of the Amended Complaint.

## II. SUMMARY OF THE ARGUMENT

The Amended Complaint satisfies each of the pleading requirements set forth in the Federal Rules of Civil Procedure. The Amended Complaint as a whole provides GECC with more than adequate notice of Sound Advice's claims, and their underlying factual and legal bases. All of the essential elements of Sound Advice's claims have been pled and are supported by sufficient factual allegations.

Moreover, GECC's Motion to Dismiss fundamentally misinterprets Sound Advice's Amended Complaint. The Motion to Dismiss raises essentially the identical issues asserted in GECC's prior Motion to Dismiss Sound Advice's original Complaint. However, Sound

4

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

Advice specifically amended its original Complaint to address the technical pleading issues raised in GECC's original Motion to Dismiss, and to further clarify that many of its claims for relief are pled as alternative theories of recovery - as the Federal Rules of Civil Procedure specifically permit. The Amended Complaint is clear with respect to this alternative form of pleading, as each of the alternative claims is prefaced by a statement which specifically indicates that the claim is pled alternatively to a preceding claim. GECC's objections to Sound Advice's alternative form of pleading are inappropriate.

GECC in essence seeks to have this Court decide the merits of this case at the pleading stage and avoid the discovery and presentation of evidence which will strongly support the Amended Complaint. Although GECC desires to avoid the merits of Sound Advice's claims, such avoidance cannot be accomplished through a motion to dismiss. There should be no dispute that Sound Advice has adequately pled the essential elements of each and every one of its claims with the requisite degree of specificity, and that the Amended Complaint as a whole fairly apprises GECC of the claims that have been asserted against it. The Motion to Dismiss should be denied in its entirety.

### III.  **THE MOTION TO DISMISS STANDARD**

Although the standard under which a motion to dismiss must be reviewed is well settled in this Circuit, it appears that GECC has lost sight of this standard. GECC suggests that the Court dispense with the liberal federal rules of pleading in reviewing the adequacy of the Amended Complaint. GECC seeks to have this Court not merely test the sufficiency of the Amended Complaint, but rather engage in a substantive analysis of the underlying merits of the suit. A motion to dismiss does not serve this purpose, however.

A motion to dismiss for failure to state a claim should not be granted unless the complaint alleges no set of facts, which, if proven, would entitle the plaintiff to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994); M/V Sea Lion, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir.1994)

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

(complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In considering a motion to dismiss, trial courts are required to accept all of the alleged facts as true and draw all inferences from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir.1994).

In Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997), reh'g denied, 116 F.3d 1495 (11th Cir. 1997), the Eleventh Circuit articulated the motion to dismiss standard as follows:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

"A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." Id. quoting Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967). Accordingly, this Circuit has recognized that motions to dismiss are "viewed with disfavor and rarely granted." Brooks, 116 F.3d at 1369. See e.g., Madison v. Purdy, 410 F.2d 99, 100 (5th Cir.1969); International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service, 400 F.2d 465, 471 (5th Cir.1968) ("Dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate.").

In sum, the pleadings must show that a plaintiff has "no claim before the 12(b)(6) motion may be granted." Brooks, 116 F.3d at 1369. The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is therefore exceedingly low. Jackam v. Hospital Corp. of America Mideast, 800 F.2d 1577, 1579 (11th Cir.1986); Ancata v.

6

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir.1985).[1]

Here, the Amended Complaint asserts several common law claims, many of which are pled in the alternative, arising out of four separate, clearly identified incidents. The Amended Complaint articulates several alternative theories of recovery premised upon facts which, if proven, will entitle Sound Advice to relief. Simply put, the Amended Complaint is more than sufficient to survive GECC's motion to dismiss.

## IV.  THE AMENDED COMPLAINT SATISFIES RULE 8(a)(2), FED.R.CIV.P.

Pleading is generally governed by Rule 8(a)(2), Fed.R.Civ.P., which provides that "(a) a pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that Rule 8(a)(2) requires a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 335 U.S. 41, 47 (1957).

Here, the Amended Complaint goes well beyond the pleading requirements of Rule 8(a)(2). The Amended Complaint identifies the four discrete subject matters for which Sound Advice seeks relief: (i) GECC's failure to reimburse Sound Advice for promotional expenses; (ii) GECC's failure to promote, and cooperate in the promotion of, the credit card program; (iii) GECC's retention of "discount" or "service" fees in connection with returned merchandise or reversed transactions; and (iv) GECC's inappropriate increases to the "discount" and "service" fees charged under the Agreement, as amended.  Moreover, the title of each of the counts asserted in the Amended Complaint specifically identifies the subject matter of the count.[2]  Accordingly, GECC certainly has "fair notice of what the

---

[1] It is also important to note that Rule 8(f), titled "Construction of Pleadings," requires that "[a]ll pleadings shall be so construed as to do substantial justice."

[2] Although not required to do so, Sound Advice has separated each count in the Amended Complaint by subject matter for sake of clarity, and in response to GECC's professed confusion

plaintiff's claim is and the grounds upon which it rests."[3]

## V. THE AMENDED COMPLAINT PROPERLY PLEADS
## ALTERNATIVE CLAIMS FOR RELIEF

The Federal Rules of Civil Procedure permit a plaintiff to state in the alternative as many claims for relief as it may have, even where the alternative allegations are completely inconsistent. As a threshold matter, Rule 8(a), Fed.R.Civ.P., provides that "[r]elief in the alternative or of several different types may be demanded." More specifically, Rule 8(e)(2) provides:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

As noted above, Sound Advice has specifically pled several of the claims for relief asserted in the Amended Complaint in the alternative.  This form of pleading is expressly allowed by the Rules and, in the instant case, serves to facilitate the presentation of Sound Advice's various claims against GECC.[4] The arguments raised by GECC with regard to

---

in its previous Motion to Dismiss as to the subject matter of the counts set forth in the original Complaint. It is curious that GECC now complains regarding the length and the number of counts of the Amended Complaint.

[3] GECC may ascertain any additional factual support for Sound Advice's claims through the discovery process - which GECC has in fact recently initiated.

[4] For example, in the event the Agreement does not provide for GECC's reimbursement of Sound Advice's promotional expenses incurred during the last two years of the Agreement, as amended, or the return of "discount" or "service" fees in connection with returned merchandise or in cases where transactions were reversed, then Sound Advice seeks to have the Agreement and Amendment equitably reformed so as to reflect the true intentions of the parties with regard to these issues. Likewise, the misrepresentation-based claims are pled in the alternative to the claim

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

potential inconsistencies in the Amended Complaint are therefore without merit.[5]

## VI.  THE FRAUD AND MISTAKE-BASED CLAIMS SATISFY RULE 9(b)

In Counts VIII and IX of the Amended Complaint, Sound Advice asserts claims against GECC for fraudulent misrepresentation and inducement, and negligent misrepresentation and inducement, respectively.  In Counts V and X of the Amended Complaint, Sound Advice requests that the Court equitably reform the Agreement and Amendment to properly reflect the parties' true intentions with regard to the retention of "discount" or "service" fees, and the reimbursement of promotional expenses incurred by Sound Advice during the final two contract years. The equitable reformation claims in Counts V and X are premised upon the mutual mistake of the parties, or the unilateral mistake of Sound Advice coupled with the fraud or inequitable conduct of GECC.

In its Motion to Dismiss, GECC contends that Sound Advice has failed to plead each of these claims with the specificity required by Rule 9(b), Fed.R.Civ.P. It is well settled in this Circuit, however, that Rule 9(b) must be harmonized with Rule 8(a), which requires only a short and plain statement of the claim. The Eleventh Circuit has specifically held that:

> Rule 9(b) must not be read to abrogate Rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading.

_____

for breach of contract with regard to the reimbursement of promotional expenses incurred during the final two years of the Agreement, as amended.

    [5] Moreover, Sound Advice is only required to make an election among inconsistent remedies after a verdict is entered and prior to entry of judgment. Wynfield Inns v. Edward Leroux Group, Inc., 896 F.2d 483 (11th Cir. 1990); Tampa Pipeline Transport Co. v. Chase Manhattan Service Corp., 928 F. Supp. 1568 (M.D. Fla. 1995) (election between legally inconsistent remedies can be made at any time prior to entry of judgment); Barbe v. Villeneuve, 505 So. 2d 1331, 1333 (Fla. 1987) (same).

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

Friedlander v. Nims, 755 F.2d 810, 813, n. 3 (11th Cir.1985) (citing Zuckerman v. Franz, 573 F. Supp. 351, 356 (S.D. Fla.1983)). See also Durham v. Business Management Associates, 847 F.2d 1505 (11th Cir. 1988); Leisure Founders, Inc. v. CUC International, Inc., 833 F. Supp. 1562, 1574 (S.D. Fla.1993). The Supreme Court has similarly cautioned as follows:

> We are well aware of the potential conflict that exists between the concept of "notice pleading" which is embodied in Fed.R.Civ.P. 8 and the particularity requirement of Fed.R.Civ.P. 9(b). The federal rules governing pleading were designed to "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Conley v. Gibson, 355 U.S. 41, 48 (1957) (citation omitted).

In accordance with these guiding principles, courts in this Circuit have held that a complaint alleging fraud "need only provide a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud." See, e.g., Fla. Dept. Insurance v. Debenture Guaranty, 921 F. Supp. 750, 753 (M.D. Fla.1996); In re Sahlen & Assoc., Inc. Securities Litigation, 773 F. Supp. 342, 352 (S.D. Fla.1991). Courts have found Rule 9(b) satisfied where the complaint gives "defendants fair notice of the nature of plaintiff's claim and the grounds upon which it is based." See, e.g., First Union Brokerage v. Milos, 717 F. Supp. 1519, 1522 (S.D. Fla.1989) aff'd, 997 F.2d 835 (11th Cir.1993) (fraud allegations sufficiently specific where they "identified the alleged misstatement, the approximate date of the alleged misstatement, and the particular party who made the alleged misstatement"); Zuckerman v. Frony, 573 F. Supp. 351, 355 (S.D. Fla.1983).[6] Simply put, Rule 9(b) does

---

[6] GECC's suggestion that allegations of "date, place or time" are required in order to satisfy Rule 9(b) is misplaced. While allegations of date, time or place fulfill the function of the rule, nothing in the rule requires them. See Future Tech International, Inc. v. Tae II Media, Ltd., 944 F. Supp. 1538 (S.D. Fla. 1996). To the contrary, it is well settled that "alternative means" are also available to satisfy the 9(b) requirements. See Durham v. Business Management Associates, 847 F.2d 1505 (11th Cir. 1988); Shared Network Technologies, Inc. v. Taylor, 669 F. Supp. 422, 429 (N.D. Ga.

not require a plaintiff to articulate in its complaint every piece of evidence which supports a fraud-based claim.

Here, the fraud and mistake-based claims have been pled in accordance with the dictates of Rule 9(b). These claims specifically advise GECC of the party making the representation, the subject of the misrepresentation, when the misrepresentation was made, and the manner in which the misrepresentation was made. See Amended Complaint, ¶¶ 23, 44, 45, 59, 76, and 77.[7]  The allegations in the Amended Complaint are more than adequate to place GECC on sufficient notice of the bases of the fraud and mistake-based claims so that GECC may formulate a response to the Amended Complaint. Accordingly, Sound Advice has pled these claims with sufficient particularity to withstand GECC's motion to dismiss under Rule 9(b).[8]

### VII. THE AMENDED COMPLAINT ADEQUATELY STATES CLAIMS FOR BREACH OF CONTRACT

The Amended Complaint asserts four separate and distinct claims for breach of the Agreement and the Amendment. These claims are set forth in Counts I, II, III, and VI of the Amended Complaint. Count I asserts that GECC improperly increased the service or discount fees charged under the Agreement; Count II asserts that GECC failed to promote the credit card program; Count III alleges that GECC improperly retained service or discount fees where merchandise was returned or transactions were reversed; and Count

---

1987).

[7]The allegations set forth in ¶¶57-65 of the Amended Complaint provide a reasonable delineation of the fraudulent acts committed by GECC, and gives it "fair notice of the nature" of Sound Advice's claim and the grounds upon which the claim is premised. These allegations are clearly sufficient to satisfy the Rule 9(b) pleading requirements.  The allegations in Count V, ¶ 45, and Count X, ¶ 77, of the Amended Complaint likewise satisfy Rule 9(b).

[8] GECC's contention that the negligent misrepresentation claim is governed by Rule 9(b) is erroneous. Claims for negligence are governed by Rule 8, Fed.R.Civ.P., not Rule 9(b).

VI asserts that GECC failed to reimburse Sound Advice for promotional expenses incurred during the final two years of the Agreement, as amended. In order to facilitate the presentation of Sound Advice's breach of contract claims, each Count is labeled so as to identify the specific claim of breach set forth therein.

GECC seeks dismissal of each and every one of the four breach of contract claims. With regard to the claims asserted in Counts I and II, GECC contends only that these claims are premised upon "conclusory statements" and therefore fail to state a claim for relief. As a threshold matter, each of Sound Advice's breach of contract claims are governed by the notice pleading requirements of Rule 8(a)(2), Fed.R.Civ.P. As discussed above, the Amended Complaint as a whole, and the breach of contract claims in particular, more than satisfy the federal notice pleading requirements. Accordingly, GECC's blanket assertion that the breach of contract claims are premised upon conclusory statements is insufficient to warrant dismissal.

Moreover, in order to state a breach of contract claim under Florida law, a plaintiff is required to plead only the following essential elements: (1) the existence of a contract, (2) a breach thereof and (3) damages. See Mobil Oil Corp. v. Dade County Esoil Management Co., Inc., 982 F. Supp. 873 (S.D. Fla. 1997). Each of Sound Advice's contract-based claims contains these essential elements. The allegations in Counts I, II, III, and VI are pled with sufficient specificity to provide GECC with "fair notice of what Sound Advice's claims are and the grounds upon which they rest," and unquestionably state claims for breach of contract under Florida law.

GECC additionally suggests that the claims asserted in Counts III and VI should be dismissed because they contradict the express terms of the Agreement and Amendment. With regard to Count III, for example, GECC argues that the Agreement imposes no obligation upon it to refund "discount" or "service" fees where merchandise was returned or transactions were reversed. To the contrary, the Agreement does not expressly permit

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

GECC to retain "discount" or "service" fees in either of these situations. Rather, the Agreement and Amendment expressly and unambiguously contemplate the payment of a "discount" or "service" fee to GECC in connection with the extension of financing or credit to qualified Sound Advice customers. The retention of such fees by GECC in situations where no financing or credit is extended or sale has occurred (i.e., in cases where merchandise is returned or transactions are reversed), runs counter to the entire premise of the parties' Agreement.

Indeed, the applicable language and provisions of the Agreement and Amendment, when read as a whole, directly support this view. Section 2.01 of the Agreement provides:

> [Sound Advice] and [GECC] hereby establish the Program . . . for the purpose of making open-end credit available (up to such credit limits as [GECC] may from time to time establish and modify) to qualified customers of [Sound Advice] for the purchase of Goods and Services from [Sound Advice] at the Stores . . . [GECC] will . . . grant credit to such qualified Credit Card Applicant for the purchase of Goods and Services from [Sound Advice] at the Stores.

Moreover, the discount fee deduction in Section 7.02, and the adjustment fee charge in Section 7.03 (which are deductions in calculating the Settlement Amount, as defined in the Agreement), are both calculated based on Volume (which is defined as purchases less returns), not merely purchases. These sections indicate (particularly in the analogous case of the discount fee under Section 7.02 of the Agreement) that the discount fee is to be charged based on Volume. This analysis is entirely consistent with other provisions of the Agreement where a fee or charge is made, such as in Section 2.03(b), "Promotion of the Program," which provide that in such situations there is no purchase or sale or transfer of ownership when merchandise is returned.

GECC's interpretation that it is entitled to retain the discount or service fees would lead to the conclusion that in each and every instance where a salesperson at one of Sound Advice's stores incorrectly registers a purchase that is thereafter reversed in order

to correct the mistake, Sound Advice would be required to pay the discount fee for that transaction. Obviously, this is not a proper construction of the Agreement as a whole nor the intended result within the applicable terms of the Agreement.

On the other hand, Sound Advice's contention that GECC retains the discount or service fee only for the <u>actual</u> extension of credit is well supported by other terms and conditions of the Agreement and the Amendment. For example, Section 3.04 of the Amendment expressly provides that the service fee is determined based upon certain financing factors, for instance, the commercial paper rate. This is consistent with the parties' intent that the service or discount fee is a charge paid by Sound Advice only in instances where actual credit extensions were made by GECC to Sound Advice's customers. Accordingly, it is illogical to contend, as GECC does, that transactions which do not result in a sale, and, therefore, involve no financing, should affect the calculation of the service fee.

Additionally, the first sentence of Section 3.04 of the Amendment expressly states that, "[GECC] shall charge to [Sound Advice] a service fee for purchases made under the Program charged to Accounts." As indicated by the definition of "Account" in the Agreement, a purchase which is returned or reversed is not charged to an Account within the literal meaning of "Account". The Agreement provides that an Account is an "open-end credit account established by [GECC] . . . pursuant to which a Cardholder may finance . . . the purchase of Goods and Services from Stores on credit." The return of merchandise previously purchased does not result in financing or any charge to an Account as contemplated under the Agreement. Moreover, the use of the term "purchase" in the definition of "Account," further buttresses Sound Advice's position that the type of purchase for which GECC was entitled to retain a discount or service fee excludes those situations where the merchandise is subsequently returned or the sale is reversed.

Clearly, GECC has breached the Agreement and Amendment by retaining the

discount or service fees where merchandise is returned or the transaction is otherwise reversed because returns of merchandise and reversals of transactions result in no "purchase" or "sale" and, as such, in accordance with the express terms of the Agreement, GECC has not earned the right to retain any discount or service fee under these circumstances. Not surprisingly, because the foregoing terms of the contract expressly and unambiguously support Sound Advice's claim in Count III, GECC omits any reference to or discussion of any of these material provisions of the Agreement and Amendment in its Motion to Dismiss.

GECC's analysis is similarly flawed with regard to the breach of contract claim set forth in Count VI. GECC neglects to mention that the applicable contract provision regarding promotional expenses was not expressly addressed in the Amendment. Moreover, GECC misleadingly suggests in its Motion to Dismiss that the "initial term" of the Agreement was fixed at seven years from the outset of the Agreement. See Memorandum of Law in Support of Motion to Dismiss, p. 5, fn. 3. Although the payment of promotional expenses in the final two years of the contract is not expressly addressed in the Amendment, as alleged in the Amended Complaint, it was represented by GECC, and Sound Advice clearly understood, that promotional expenses would be reimbursed during the final two contract years up to $100,000 per year by virtue of the extension of the initial term of the Agreement. GECC's argument that the claim is barred by the express language of the Agreement and the Amendment is therefore misplaced.

To the extent the Agreement and/or Amendment are silent with respect to either of these issues, however, and when read in conjunction with the Agreement's other provisions, the Agreement is, at a minimum, rendered ambiguous. It is a well settled rule of contract construction that the intention of the parties must be ascertained based upon consideration of the entire agreement. Clayton v. Howard Johnson Franchise Systems, Inc., 954 F.2d 645 (11th Cir. 1992); Cleanco, Inc. v. Manor Investment Co., 568 So. 2d

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

1309 (Fla. 4th DCA 1990) (trial court concluded that an overall reading of the lease and addendum rendered the language of the documents ambiguous and that parol evidence should be considered to ascertain the intent of the parties); Torcise v. Perez, 319 So. 2d 41 (Fla. 3d DCA 1975). It is insufficient to look to an isolated phrase or paragraph of the contract. Home Savings of America, F.A. v. Roehner, 491 So. 2d 612 (Fla. 4th DCA 1986) (settlement agreement was at best merely ambiguous, thus permitting intent of the parties to the contract to be ascertained from the whole writing); Rod-Lyn Corp. v. DeBelay, 231 So. 2d 233 (Fla. 3d DCA 1970), cert. denied, 237 So. 2d 754 (Fla. 1970), (in interpreting contracts, court must be guided by entirety of contract and not by isolated statements in contract); Paddock v. Bay Concrete Industries, Inc., 154 So. 2d 313 (Fla. 2d DCA 1963) (to ascertain intent of parties, total instrument and not particular provisions of contract nor disjointed parts would be regarded). The parties' differing interpretations of the relevant contractual provisions highlight the existence of contractual ambiguities. See Mariner Cay Property Owners Association, Inc. v. Topside Marina, Inc., 714 So. 2d 1130 (Fla. 4th DCA 1998) (settlement agreement was ambiguous because it was fairly susceptible to different constructions).

The existence of any such ambiguities renders the dismissal of the contract claims inappropriate in this case. The construction of ambiguous contract provisions is a factual determination that precludes dismissal on a motion for failure to state a claim. See Martin Marietta Corp. v. International Telecommunications Satellite Organization, 991 F.2d 94 (4th Cir. 1992); see also Hybart v. Hybart, 638 So. 2d 607 (Fla. 1st DCA 1994) (where ambiguity was present regarding the length of the rehabilitative period, trial court erred in ruling as a matter of law on a motion to dismiss that petition was untimely filed); Neumann v. Brigman, 475 So. 2d 1247 (Fla. 2d DCA 1985) (trial court erred in resolving ambiguity against appellants on a motion to dismiss). Contrary to the simplistic analysis and arguments set forth in GECC's Motion to Dismiss, the contract claims state viable claims

16

for relief and should therefore not be dismissed.[9]

## VIII. COUNTS VIII AND IX (TORT CLAIMS) STATE CLAIMS FOR RELIEF

In Counts VIII and IX of the Amended Complaint, Sound Advice states claims for fraudulent misrepresentation and inducement (Count VIII), and negligent misrepresentation and inducement (Count IX). These claims relate solely to the representations made by GECC prior to the 1996 Amendment regarding the reimbursement of promotional expenses incurred by Sound Advice during the final two years of the contract term. These claims are pled in the alternative to the breach of contract claim set forth in Count VI of the Amended Complaint.

In order to state a claim for fraudulent inducement, the following elements must be pled: (1) false statement regarding a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement to induce action; and (4) reliance on the representation to the injury of the other. Florida Software Systems, Inc. v. Columbia HCA Healthcare Corp., 46 F. Supp. 2d 1276 (M.D. Fla. 1999); Pershing Industries, Inc. v. Estate of Sanz, 740 So. 2d 1246 (Fla. 3d DCA 1999). The elements of a claim for negligent misrepresentation and inducement are essentially the same as the elements of the fraud-based claim, except that the knowledge element is

---

[9] GECC's arguments must also be viewed in light of the standard for deciding motions to dismiss under Rule 12(b)(6) as discussed above. Contrary to these well settled principles, acceptance of GECC's arguments would require this Court to view the Amended Complaint not in the light most favorable to Sound Advice. In essence, GECC would have this Court ignore the legal sufficiency of the Amended Complaint, and instead impermissibly weigh the evidence which might be offered at trial. See, e.g., Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc., 610 F.2d 371 (5th Cir. 1980) (factual contention contesting agency relationship was not germane to question whether breach of contract complaint stated a cause of action where the complaint alleged such agency relationship); Sawinski v. Bill Currie Ford, Inc., 866 F. Supp. 1383, 1387 (M.D. Fla.1994). Finally, GECC's suggestion that the contract claim asserted in Count VI is premised on an oral promise which could not be performed within one year, and therefore barred by Florida's Statute of Frauds, Section 725.01, Florida Statutes, is misguided. See Memorandum of Law in Support of Motion to Dismiss, p. 7. Sound Advice's claim in Count VI is not premised upon an oral agreement.

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

modified.  See Mobil Oil Corp. v. Dade County Esoil Management Co., Inc., 982 F. Supp.
873 (S.D. Fla. 1997).  Here, Sound Advice has pled each and every one of these elements
with the requisite specificity.   On their face, therefore, the fraudulent and negligent
misrepresentation claims adequately state claims for relief.

In its Motion to Dismiss, GECC argues that the tort claims are barred by Florida's
"economic loss rule." Although the subject of much debate and confusion, and recent
clarification by the Florida Supreme Court, the "economic loss rule" generally precludes a
party's assertion of a tort claim to recover economic damages arising solely out of a breach
of contract. See Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.,
620 So. 2d 1244 (Fla. 1993). The rule is designed to prohibit the recovery of tort damages
as well as contract damages for matters which are interwoven with the parties' contractual
performance. Id.  Here, the economic loss rule simply has no applicability because the
misrepresentation claims have been pled in the alternative to the breach of contract claim
set forth in Count VI of the Amended Complaint.  Accordingly, Sound Advice does not seek
to recover damages both in tort and contract. GECC's Motion to Dismiss ignores this
threshold issue.

Moreover, the application of the economic loss rule has been severely restricted by
two recent Florida Supreme Court cases - neither of which is mentioned in GECC's Motion
to Dismiss. GECC's omission is particularly troubling because these recent opinions cast
serious doubt as to whether the economic loss rule has any application whatsoever to the
contractual relationship between GECC and Sound Advice.

In Moransais v. Heathman, 744 So. 2d 973 (Fla. 1999), the Florida Supreme Court
expressly held that the economic loss rule "was primarily intended to limit actions in the
product liability context, and its application should generally be limited to those contexts
or situations where the policy considerations are substantially identical to those underlying

18

the product liability-type analysis." Id. at 983.[10] In the second recent opinion, the Florida Supreme Court held that the economic loss rule does not bar statutory causes of action. See Comptech International, Inc. v. Milam Commerce Park, Ltd., Nos. 93,336 and 93,126 1999 WL 983857 (Fla. Oct. 28, 1999). As one commentator recently noted, "any application of the [economic loss rule] outside of product liability cases is suspect." See Raymond W. Valori, Continued Revision of the Economic Loss Rule: Statutory Causes of Action Not Barred, LXXIV No. 4 Fla. B.J. 81, 83 (2000).

Even if this Court was inclined to consider GECC's economic loss rule argument, the economic loss rule does not bar an action for an independent tort, such as fraudulent inducement, which is separate and distinct from a contractual breach. HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238 (Fla. 1996); Noack v. Blue Cross and Blue Shield of Florida, Inc., 742 So. 2d 433 (Fla. 1st DCA 1999). See also Nautica International, Inc. v. Intermarine U.S.A., L.P., 5 F. Supp. 2d 1333 (S.D. Fla. 1998) (alleged conduct prior to any alleged agreement between the parties does not fall within the scope of the economic loss rule); Mobil Oil Corp. v. Dade County Esoil Management Co., Inc., 982 F. Supp. 873 (S.D. Fla. 1997) (economic loss doctrine did not bar fraudulent inducement or negligent misrepresentation claims where claims center upon alleged inducement to enter into a contractual relationship rather than the performance of the contracts); Bradley Factor, Inc. v. U.S., No. 95-1147-Civ-T-17E 2000 WL 224618 (M.D. Fla. February 8, 2000) (where defendant's act of omitting letter from file was pre-contractual, it constitutes fraudulent inducement despite the fact that the fraud concerns the subject matter of the

---

[10] In a concurring opinion, Florida Supreme Court Justice Wells stated that "the economic loss rule should be limited to cases involving a product which damages itself by reason of a defect in the product." Id. at 984.

contract).[11]

GECC's final argument for dismissal of the inducement claims - that they are barred by the amendment and merger clauses of the Agreement - is equally misguided. The doctrine of merger generally contemplates that prior oral representations or agreements are "merged or subsumed by the written contract." Nobles v. Citizens Mortgage Corp., 479 So. 2d 822 (Fla. 2d DCA 1985). However, a well settled exception to the merger doctrine exists where the contract is procured by fraud. See, e.g., Nobles v. Citizens Mortgage Corp., 479 So. 2d 822 (Fla. 2d DCA 1985); Noack v. Blue Cross and Blue Shield of Florida, Inc., 742 So. 2d 433 (Fla. 1st DCA 1999); Wilson v. Equitable Life Assurance Society of the United States, 622 So. 2d 25 (Fla. 2d DCA 1993); Cas-Kay Enterprises, Inc. v. Snapper Creek Trading Center, Inc., 453 So. 2d 1147 (Fla. 3d DCA 1984). The fraud exception to the merger doctrine is fully applicable here.

In addition, the misrepresentations alleged in Counts VIII and IX were made subsequent to the 1992 Agreement - the contract which contains the merger clause relied upon by GECC. These representations were made to induce Sound Advice to enter into the 1996 Amendment which, significantly, does not contain a merger clause. Accordingly, the merger doctrine simply does not bar Sound Advice's misrepresentation-based claims.

## IX. THE EQUITABLE CLAIMS ARE SUFFICIENTLY PLED

In addition to the contract and tort based claims, the Amended Complaint asserts

---

[11] Although GECC recognizes the fraudulent inducement exception to the economic loss rule, it argues that certain fraudulent inducement claims are nevertheless barred when the alleged misrepresentations relate to the defendant's performance of the contract. As the court noted in Bradley Factor, supra at *4, "[t]he [fraudulent inducement] tort, after all, is inducing someone to enter into a contract, so to say it does not apply where the tort involves the contract or its subject matter analytically makes no sense." Moreover, if GECC ultimately prevails that the Agreement does not require it to reimburse Sound Advice for promotional expenses incurred during the final two contract years, then Sound Advice's inducement claims are not founded upon a contract and should not logically be barred by the economic loss rule.

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

several alternative equitable claims for relief. In Counts V and X, Sound Advice asserts claims for equitable reformation of the Agreement, and in Counts IV and VII Sound Advice asserts claims for unjust enrichment. In Count XII, Sound Advice seeks an equitable accounting. Each of these equitable claims for relief, and the grounds upon which GECC seeks dismissal, are discussed separately below.

### A.  The Amended Complaint Properly States Claims for Unjust Enrichment

In order to state a claim for unjust enrichment, the following essential elements must be alleged: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. See Greenfield v. Manor Care, Inc., 705 So. 2d 926 (Fla. 4th DCA 1997), rev. denied, 717 So. 2d 534 (Fla. 1998). Sound Advice has alleged that GECC will be unjustly enriched if it is allowed to retain the "service" or "discount" fees where merchandise was returned or transactions were reversed (Count IV, Amended Complaint, ¶¶38-41), and if it is not required to reimburse Sound Advice for promotional expenses incurred during the final two contract years (Count VII, Amended Complaint, ¶¶53-56). Accordingly, Sound Advice has alleged all of the essential elements necessary to state claims for unjust enrichment in Counts IV and VII of the Amended Complaint.

GECC's only argument for dismissal is that the unjust enrichment claims cannot be maintained because Sound Advice has affirmed an express contract. Under Florida law, however, a party may simultaneously allege the existence of an express contract and seek equitable relief under an unjust enrichment theory. See ThunderWave, Inc. v. Carnival Corporation, 954 F. Supp. 1562 (S.D. Fla. 1997). As the Court in ThunderWave recognized, a plaintiff is permitted to plead inconsistent or alternative claims in a single complaint pursuant to Rule 8(e)(2), Fed.R.Civ.P. Id. at 1566. In an analogous case, the trial

court's dismissal of the plaintiff's equitable claim for quantum meruit was reversed on appeal in Banks v. Steinhardt, 427 So. 2d 1054 (Fla. 4th DCA 1983). In Banks, the appellate court held that the "[t]he trial court prematurely cut out what could have been the heart of appellant's case by effectively compelling an election of remedies much sooner than was appropriate." Id. at 1056. The same reasoning applies here.

GECC's reliance on Williams v. Bear Stearns & Co., 725 So. 2d 397 (Fla. 5th DCA 1998), rev. denied, 737 So. 2d 550 (Fla. 1999) is misplaced. In fact, the Williams court recognized that until an express contract is proven, dismissal of an unjust enrichment claim is improper. See also Mobil Oil Corp. v. Dade County Esoil Management Co., Inc., 982 F. Supp. 873 (S.D. Fla. 1997). Here, Sound Advice has sufficiently pled the unjust enrichment claims, and the existence of a contract between the parties is simply not a basis for dismissal. The Motion to Dismiss Counts IV and VII should be denied.

## B.  The Motion to Dismiss the Reformation Claims Should be Denied

In Counts V and X, Sound Advice alternatively seeks to have the Agreement and Amendment equitably reformed so as to reflect the true intentions of the parties with regard to the retention of "discount" and "service" fees and the reimbursement of promotional expenses. The reformation claims are premised either upon the mutual mistake of the parties, or the unilateral mistake of Sound Advice coupled with the fraudulent and/or inequitable conduct of GECC. These counts are expressly pled in the alternative to the breach of contract claims set forth in Counts III and VI, respectively.

The Florida Supreme Court has articulated the circumstances under which a claim for equitable reformation is available:

> Where an agreement has been actually entered into, but the contract, deed, or other instrument in its written form does not express what was really intended by the parties thereto, equity has jurisdiction to reform the written instrument so as to conform to the intention, agreement, and understanding of all the parties.

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

Jacobs v. Parodi, 39 So. 833 (Fla. 1905). Florida courts have consistently held that where a mistaken writing is the product of the parties' mutual mistake, or the unilateral mistake on the part of one party and the inequitable conduct by the other, the writing should be reformed to accurately reflect the parties' agreement. See Smith v. Royal Automotive Group, Inc., 675 So. 2d 144, 150 (Fla. 5th DCA 1996) (reformation "acts to correct an error not in the parties' agreement but in the writing which constitutes the embodiment of that agreement"); see also Kolski v. Kolski, 731 So. 2d 169 (Fla. 3d DCA 1999); Ayers v. Thompson, 536 So. 2d 1151 (Fla. 5th DCA 1988).

GECC's only argument in support of the dismissal of these claims is that the fraudulent conduct is not sufficiently alleged in accordance with Rule 9(b), Fed.R.Civ.P. As discussed above, however, Sound Advice has fully complied with the pleading dictates of Rule 9(b). The Motion to Dismiss these claims should be denied.

## C.   The Amended Complaint States a Claim for Equitable Accounting

In Count XII of the Amended Complaint, Sound Advice seeks an equitable accounting to fully and accurately determine the total amounts due from GECC. Where contract demands between litigants involve extensive or complicated accounts, and if it is not clear that the remedy at law is as full, adequate, and expeditious as it is in equity, an accounting is available. F.A. Chastain Constr., Inc. v. Pratt, 146 So. 2d 910 (Fla. 3d DCA 1962). The Amended Complaint alleges all of these elements.

GECC suggests that the accounting claim should be dismissed because Sound Advice has not alleged facts to support the conclusion that it has no adequate remedy at law. In support of its argument, GECC cites Chiron v. Isram Wholesale Tours and Travel, Ltd., 519 So. 2d 1102 (Fla. 3d DCA 1988), for the proposition that a motion to dismiss is proper where evidentiary facts alleged in the complaint do not show the inadequacy of a legal remedy. Chiron is inapposite to the instant case, however. In Chiron, the trial court did not abuse its discretion in dismissing a complaint for an equitable accounting, where

23

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

the allegations of an uncomplicated oral agreement for short term employment, the terms of compensation, and the breach of the agreement clearly did not warrant an accounting.

In contrast, the relationship and the accounts by and between Sound Advice and GECC are indisputably intricate and complex, and the adequacy of a legal remedy is certainly in doubt. The Amended Complaint contains sufficient allegations as to each of these elements of an accounting claim. Moreover, Sound Advice has alleged that the relevant and material information and documentation regarding the accounts is in the sole and exclusive possession of GECC. See, e.g., South Broward Hospital District v. Nu-Med Pembroke, Inc., 603 So. 2d 11 (Fla. 1st DCA 1992) (hospital district was entitled to an accounting under an agreement with hospital to treat indigent patients where the agreement required hospital to provide a certain percentage of care to indigents or to pay district money according to a contractual formula if it did not provide the appropriate percentage, and hospital failed to maintain records to show the extent of the indigent care it provided). The Motion to Dismiss the accounting claim should be denied.

## X.   COUNT XI OF THE AMENDED COMPLAINT STATES A CLAIM FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

In Count XI of the Amended Complaint, Sound Advice alleges that GECC breached its duty of good faith and fair dealing under the Agreement and Amendment. GECC argues that because all of the breach of contract claims should be dismissed, Sound Advice cannot state a claim for breach of the duty of good faith and fair dealing.

It is well established under Florida law that express contracts include implied terms. Heredia v. Safeway Trails, Inc., 369 So. 2d 418, 420 (Fla. 3d DCA 1979), cert. denied, 378 So. 2d 348 (Fla. 1979). The duty to cooperate and perform one's contractual undertakings in good faith is an implied term in all contracts governed by Florida law. See Fernandez v. Vasquez, 397 So. 2d 1171 (Fla. 3d DCA 1981).  When a defendant's conduct constitutes a breach of the terms of a contract, the plaintiff may also assert a claim for breach of

24

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

implied duty of good faith and fair dealing. <u>Burger King Corp. v. Holder</u>, 844 F. Supp. 1528, 1530 (S.D. Fla. 1993). <u>See also</u> <u>Burger King Corp. v. Austin</u>, 805 F. Supp. 1007 (S.D. Fla. 1992) (franchisees stated claim for breach of implied obligation of good faith and fair dealing by alleging that franchisor abused its discretion with respect to marketing and promotion where the contract vested all discretion with respect to marketing and promotion decisions in franchisor and the implied covenant required franchisor to exercise this discretion reasonably).

Of course, GECC's argument for dismissal of the breach of the duty of good faith and fair dealing claim necessarily fails to the extent that Sound Advice's claims for breach of contract are viable. <u>See, e.g.</u>, <u>Barnes v. Burger King Corp.</u>, 932 F. Supp. 1420, 1438-40 (S.D. Fla. 1996); <u>Burger King Corp. v. Holder</u>, 844 F. Supp. at 1530. As discussed above, Sound Advice has adequately stated claims for breach of contract in Counts I, II, III and VI of the Amended Complaint. Accordingly, the Motion to Dismiss the breach of duty of good faith and fair dealing claim should be denied.

## XI.  CONCLUSION

For all the foregoing reasons, Sound Advice's Amended Complaint and each of the claims set forth therein state a claim upon which relief may be granted.  The Amended Complaint is adequately pled in accordance with the Federal Rules of Civil Procedure, and fully apprises the Defendant of the nature of the claims asserted against it.  The Motion to Dismiss should be denied in its entirety.

Respectfully Submitted:
**LASH & GOLDBERG LLP**
100 S.E. Second Street, Suite 1200
Miami, Florida 33131-2100
(305) 347-4040 Tel., (305) 347-4050 Facsimile
Attorneys for Sound Advice, Inc.

By: _Kathryn M. Fried_
   **ALAN D. LASH,** Florida Bar No. 510904
   **KATHRYN M. FRIED,** Florida Bar No. 0065293

25

CASE NO. 00-6050 CIV-ZLOCH/SELTZER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by U.S. Mail this ___ day of April, 2000, to Bruce Berman, Esq./Valerie Itkoff, Esq., Weil Gotshal & Manges LLP, 701 Brickell Avenue, Suite 2100, Miami, Florida 33131-2861.

By: _Kathryn M. Fried_

**ALAN D. LASH**
**KATHRYN M. FRIED**

F:\WPDocs\Sound Advice\G.E.C.C\Pleadings\USDC Pleadings\Memorandum\MBG\inOppositiontoMobortoDismiss.wpd

26