UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

SOUND ADVICE, INC., a Florida corporation,

Plaintiff,

v.

MONOGRAM CREDIT CARD BANK OF GEORGIA, a Georgia banking corporation,

Defendant.

Case No. 00-6050
CIV-ZLOCH

Magistrate Judge Seltzer

**NOTICE OF RE-FILING OF DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

In response to Plaintiff's Amended Memorandum in Opposition to Defendant's Motion to Dismiss the Amended Complaint, Defendant hereby re-files its April 17 reply to Plaintiff's former memorandum (leave for the filing of which had been rejected by the Court for excessive length). No new reply is necessary because Plaintiff's amended memorandum is substantively identical to the original; it merely reduced spacing and font size and shifted some text to footnotes, to attempt conformity with Local Rule 7.1(C)(2).

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy of the foregoing was served by mail upon Lash & Goldberg LLP, attorneys for plaintiff, 100 S.E. 2nd Street, Suite 1200, NationsBank Tower, Miami, Florida 33131-2158 this 26th day of April, 2000.

**WEIL, GOTSHAL & MANGES LLP**
Attorneys for Defendant
701 Brickell Avenue, Suite 2100
Miami, Florida 33131
Tel. (305) 577-3100
Fax. (305) 374-7159

By: _____
Bruce J. Berman (Fla. Bar #159280)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

SOUND ADVICE, INC., a Florida corporation,

    Plaintiff,

v.

MONOGRAM CREDIT CARD BANK OF
GEORGIA, a Georgia banking corporation,

    Defendant.

_____/

Case No. 00-6050
CIV-ZLOCH

Magistrate Judge Seltzer

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT

Sound Advice filed its Second Amended Complaint, its lawyers say, "in an effort to <u>clarify</u> the [original] Complaint" [emphasis added], in response to Defendant's motion to dismiss. The result was a new 12-count pleading in place of its 6-count predecessor, which Defendant also moved to dismiss.

Plaintiff has now filed an unauthorized 26-page memorandum,[1] purporting to explain why the comparably prolix Amended Complaint should survive dismissal – a memorandum which, among other things, wastes pages of text on unnecessarily repetitious facts and uncontested standards for review, and in which Plaintiff refers more than 100 times to its contracting adversary, Monogram Credit Card Bank, as "GECC."

---

[1] Plaintiffs' motion to exceed the page limitation improperly was filed simultaneously with its memorandum. Local Rule 7.1 (C)(2), S.D.Fla.L.R. states: "Absent *prior permission* of the Court, no party shall file any legal memorandum exceeding twenty (20) pages in length." (emphasis added).

But as much as these excesses should make one wonder where the merits are, any careful analysis of the "argument" itself (which begins on page 7) should put all doubt to rest. There is no merit to this action, as a matter of law, and it should be dismissed now before the costs of litigation and the imposition upon the Court is unnecessarily exacerbated.

The ineffectiveness of Plaintiff's effort to justify the sufficiency of its amended pleading is illustrated by the following points.

- **Plaintiff argues that the economic loss rule is not implicated because its tort claims are pled as *alternatives* to its contract claims.**

The argument is incomprehensible: alternative tort claims are precisely what the economic loss rule was designed to bar. Equally meritless is Plaintiff's argument that if the Court dismisses the contract counts because the contract does not obligate Monogram to do what the Plaintiff claims, then Plaintiff's tort claims will no longer be violating the economic loss rule. But the fact that the contract claims are also defective does not insulate the tort claims from dismissal under the economic loss rule.

- **Plaintiff argues that because the contract, which contains no obligation to reimburse fees for returned merchandise, does not expressly *negate* any such obligation, the allegation of such obligation must therefore be sustained.**

This novel rule of construction is unknown to the common law. The contract expressly sets forth the method for payment of fees and says nothing about crediting the plaintiff for fees charged in connection with merchandise later returned to the plaintiff's stores. Plaintiff could have bargained for such a provision in negotiating

the contract and either did not or tried and failed. Either way, Plaintiff cannot ask the Court to now write such an obligation into the contract.

- **Plaintiff has no argument to respond to the statute of frauds issue which bars its claim for reimbursement of promotional expenses.**

The plaintiff completely ignores the argument that the Statute of Frauds, Fla. Stat. § 725.01, bars its attempts to enforce an alleged oral promise to reimburse it up to $100,000 each year for *two (2)* years, an obligation which obviously cannot be performed in less than one year.

- **Plaintiff argues that the contract amendment does not address the monetary limit on reimbursement of promotional expenses, but ignores that amendment's express incorporation of all prior terms.**

Once again arguing what the contract does *not* say, Plaintiff claims that the amendment to the contract does not address the $500,000 cap on Monogram's obligation to reimburse the plaintiff for promotion expenses. The plaintiff's own Amended Complaint, however, which incorporates the terms of both the contract and its amendment, directly contradicts Plaintiff's assertion. The $500,000 cap appears in the Credit Card Program Agreement (the main contract). The amendment (¶ 13) expressly provides: "Except as otherwise provided herein, the [Credit Card Program] Agreement remains in full force and effect."

- **Plaintiff argues that the contract amendment does not repeat the merger clause of the original contract, but again ignores the amendment's express incorporation of all prior terms.**

Plaintiff's argument that the merger clause in the main agreement (entered into in 1992) would not cover an alleged oral statement made after the execution of that agreement but before the amendment (entered into in 1996) because that clause is not re-inserted, in haec verba, in the amendment itself is just a as wrong as the preceding

argument, in view of the aforementioned provision in the amendment that incorporates all terms of the original agreement. Moreover, the plaintiff ignores the provision in the main agreement (Sec. 11.04) that states it "may not be amended except by written instrument signed by both" parties. Thus, even an oral statement made after its signing would have no effect.

- **Plaintiff's arguments of compliance with Rule 9 pleading requirements for (1) mistake and (2) fraud are facially erroneous.**

The plaintiff completely mischaracterizes the sufficiency of its pleadings of mistake and the purported corresponding fraud, which under Rule 9, F.R.C.P., are required to be pled with specificity. It is completely unclear from the Amended Complaint what the purported mistake was. All the plaintiff says is that it believes Monogram did not fulfill certain contractual obligations – but that in no way explains any purported mistake. Additionally, although the plaintiff states there was some sort of fraud in connection with the fees for returned merchandise (see Count V), that purported fraud (different from the alleged fraud concerning reimbursement for promotional expenses) is not addressed anywhere except for the passing references in Count V.

- **Plaintiff relies on inapplicable case law in its effort to justify its claim for unjust enrichment.**

Plaintiff asks the Court to sustain its unjust enrichment claim on the basis of completely inapplicable cases (where there is no written contract or where the defendant did not even attempt to move to dismiss for failure to state a cause of action). The unjust enrichment claim is barred because the plaintiff has affirmed an express contract, attached as an exhibit to and incorporated in its Amended Complaint.

- **Plaintiff continues to rely upon unsupported and facially erroneous statements of legal conclusions, which cannot support a claim for relief.**

Plaintiff continues to rely upon conclusory legal allegations (e.g. that it does not have an adequate legal remedy and thus can bring an equitable accounting claim, despite the fact that it can conduct standard discovery concerning its purported damages amount). The Court need not consider such conclusory, unsupported and facially invalid statements.

- **Plaintiff steps up its efforts to prejudice the Court by its constant references to the defendant Monogram as "GECC."**

Plaintiff seems to believe that it will evoke greater sympathy for its cause, and perhaps even overcome its failure to contract for the "rights" it now hopes to enforce, by raging against "GECC" – an entity which Plaintiff acknowledges is different from that with which it contracted and which is different from that entity against which Plaintiff seeks relief. Yet, in both its Amended Complaint and memorandum, Plaintiff defines Defendant Monogram, and refers to it exclusively (and endlessly) as, GECC. While the Court might be inclined at first blush to view this oddity as inconsequential, it highlights the utter absence of legal merit to this lawsuit. No party with a bona fide claim should have to resort to such contrived and improper tactics.

## CONCLUSION

Plaintiff's arguments aimed at saving its Amended Complaint and thus prolonging this lawsuit are patently erroneous. The Amended Complaint should, therefore, be dismissed forthwith, in its entirety.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served by mail upon Alan D. Lash, Esq., Lash & Goldberg LLP, 100 S.E. 2nd Street, Suite 1200, NationsBank Tower, Miami, Florida 33131-2158 this 17th day of April, 2000.

**WEIL, GOTSHAL & MANGES LLP**
Attorneys for Defendant
701 Brickell Avenue, Suite 2100
Miami, Florida 33131
Tel. (305)577-3100
Fax. (305) 374-7159

By: _____
Bruce J. Berman (Fla. Bar #159280)