UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6050-CIV-ZLOCH

SOUND ADVICE, INC., a Florida
corporation,

       Plaintiff,

vs.                                    **O R D E R**

MONOGRAM CREDIT CARD BANK OF
GEORGIA, a Georgia banking
corporation,

       Defendant.
_____/



MAY 0 4 2000

    THIS MATTER is before the Court upon the Defendant, Monogram Credit Card Bank of Georgia's Motion To Dismiss Amended Complaint (DE 13). The Court has carefully reviewed the merits of said Motion and is otherwise fully advised in the premises.

    The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal Federal Rules of Pleading. A classic formulation of the test often applied to determine the sufficiency of the Complaint was set out by the United States Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), wherein the Court stated:

> . . . In appraising the sufficiency of the Complaint we follow . . . the accepted rule that a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

    The Court adds that a Complaint may not be dismissed because the plaintiff's claim does not support the legal theory it relies on since the Court must determine if the allegations provide relief on any possible theory. <u>See</u>, <u>Robertson v. Johnston</u>, 376 F.2d 43

(5th Cir. 1967).

The Court further notes that in all averments of fraud there is a heightened pleading standard and the circumstances constituting fraud must be stated with particularity. Fed.R.Civ.P. 9(b). "Rule 9(b) must not be read to abrogate Rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with a broader policy of notice pleading." Friedlander v. Nims, 755 F.2d 810, 813 n.5 (11th Cir. 1985). The purpose of Rule 9(b)'s specificity requirement "is to eliminate fraud actions in which all of the facts are learned through discovery after the complaint is filed." Friedlander, 755 F.2d at 813 n.3. Allegations of date, time, or place satisfy th Rule 9(b) requirement that the *circumstances* of the fraud must be plead with particularity." Durham v. Business Management Assoc., 847 F.2d 1505, 1512 (11th Cir. 1988) (emphasis in original).

Here, the Court finds that the allegations of mistake and fraud contained in Counts V, VIII, IX, and X of the Plaintiff's Amended Complaint (DE 12) satisfy the requirements of Rule 9(b). The Court further notes that the legal issues raised by the Defendant's Motion To Dismiss Amended Complaint may be more properly addressed in a Motion For Summary Judgment.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Defendant, Monogram Credit Card Bank of Georgia's Motion To Dismiss Amended Complaint (DE 13) be

2

and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____4th____ day of May, 2000.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Alan D. Lash, Esq.
For Plaintiff

Bruce J. Berman, Esq.
For Defendant