## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6050-CIV-ZLOCH
Magistrate Judge Seltzer

**NIGHT BOX**
**FILED**

SOUND ADVICE, INC., a Florida
corporation.

JUN 1 4 2000

Plaintiff.

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

v.

MONOGRAM CREDIT CARD BANK OF
GEORGIA, a Georgia banking corporation,

**DEFENDANT'S ANSWER TO**
**THE AMENDED COMPLAINT**

Defendant.

_____/

Defendant. Monogram Credit Card Bank of Georgia. a Georgia banking corporation ("Monogram") answers the Amended Complaint filed by Sound Advice. Inc. ("Plaintiff") on March 6. 2000 and asserts affirmative defenses as follows:

### NATURE OF THE ACTION

1.    Monogram denies the allegations contained in Paragraph 1 of the Amended Complaint.

### JURISDICTION AND VENUE

2.    Monogram denies the allegations contained in Paragraph 2 of the Amended Complaint.



3.      Monogram denies the allegations contained in Paragraph 3 of

the Amended Complaint, but will submit to venue in the United States District

Court, Southern District of Florida.

## PARTIES

4.      Monogram is without knowledge or information sufficient to

form a belief as to each and every allegation in Paragraph 4 of the Amended

Complaint and therefore, denies the allegations contained therein

5.      Monogram admits the allegations contained in Paragraph 5 of

the Amended Complaint.

## GENERAL ALLEGATIONS

### A. THE 1992 CREDIT CARD AGREEMENT

6.      Monogram is without knowledge or information sufficient to

form a belief as to each and every allegation in Paragraph 6 of the Amended

Complaint and therefore, denies the allegations contained therein.

7.      Monogram admits the allegations contained in Paragraph 7 of

the Amended Complaint.

### 1. The Credit Approval Process

8.      Monogram denies the allegations contained in Paragraph 8 of

the Amended Complaint.

9.    The terms of the Agreement and the Amendment speak for themselves and thereby do not require an admission or denial. Monogram denies all allegations and interpretations of the Agreement and Amendment contained in Paragraph 9 of the Amended Complaint.

10.    The terms of the Agreement and the Amendment speak for themselves and thereby do not require an admission or denial. Monogram denies all allegations and interpretations of the Agreement and Amendment contained in Paragraph 10 of the Amended Complaint.

11.    The terms of the Agreement and the Amendment speak for themselves and thereby do not require an admission or denial. Monogram denies all allegations and interpretations of the Agreement and Amendment contained in Paragraph 11 of the Amended Complaint.

12.    The terms of the Agreement and the Amendment speak for themselves and thereby do not require an admission or denial. Monogram denies all allegations and interpretations of the Agreement and Amendment contained in Paragraph 12 of the Amended Complaint.

## 2. The Promotion of the Program

13.    Monogram denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.    The terms of the Agreement and the Amendment speak for themselves and thereby do not require an admission or denial. Monogram denies

all allegations and interpretations of the Agreement and Amendment contained in
Paragraph 14 of the Amended Complaint.

15.    Monogram denies the allegations contained in Paragraph 15
of the Amended Complaint.

16.    Monogram denies the allegations contained in Paragraph 16
of the Amended Complaint.

### 3. The Financial Relationship Between Sound Advice and GECC

17.    Monogram denies the allegations contained in Paragraph 17
of the Amended Complaint.

18.    Monogram denies the allegations contained in Paragraph 18
of the Amended Complaint.

19.    The terms of the Agreement and the Amendment speak for
themselves and thereby do not require an admission or denial.  Monogram denies
all allegations and interpretations of the Agreement and Amendment contained in
Paragraph 19 of the Amended Complaint.

### B. THE 1996 AMENDMENT

20.    Monogram admits the allegations contained in Paragraph 20
of the Amended Complaint.

21.    Monogram denies the allegations contained in Paragraph 21
of the Amended Complaint.

22.    The terms of the Agreement and the Amendment speak for themselves and thereby do not require an admission or denial. Monogram denies all allegations and interpretations of the Agreement and Amendment contained in Paragraph 22 of the Amended Complaint.

### C.  GECC'S WRONGFUL CONDUCT

23.    Monogram denies the allegations contained in Paragraphs 23, 23(i), 23(ii), 23(iii) and 23(iv) of the Amended Complaint.

24.    Monogram is without knowledge or information sufficient to form a belief as to each and every allegation in Paragraph 24 of the Amended Complaint and therefore, denies the allegations contained therein.

25.    Monogram is without knowledge or information sufficient to form a belief as to each and every allegation in Paragraph 25 of the Amended Complaint and therefore, denies the allegations contained therein.

### COUNT I

### BREACH OF CONTRACT WITH RESPECT TO IMPROPER INCREASES OF "SERVICE FEES" AND "DISCOUNT FEES"

26.    Monogram realleges and incorporates by reference its answer to Paragraphs 1 through 25 of the Amended Complaint.

27.    The terms of the Agreement and the Amendment speak for themselves and thereby do not require an admission or denial. Monogram denies

all allegations and interpretations of the Agreement and Amendment contained in
Paragraph 27 of the Amended Complaint.

28.     The terms of the Agreement and the Amendment speak for
themselves and thereby do not require an admission or denial. Monogram denies
all allegations and interpretations of the Agreement and Amendment contained in
Paragraph 28 of the Amended Complaint.

29.     Monogram denies the allegations contained in Paragraph 29
of the Amended Complaint

30     Monogram denies the allegations contained in Paragraph 30
of the Amended Complaint.

31.     Monogram denies the allegations contained in Paragraph 31
of the Amended Complaint and also denies the allegations and claims for relief in
the Wherefore clause after Paragraph 31 of the Amended Complaint

## COUNT II

## BREACH OF CONTRACT WITH RESPECT TO THE ESTABLISHMENT, OPERATION AND PROMOTION OF THE PROGRAM

32.     Monogram realleges and incorporates by reference its answer
to Paragraphs 1 through 25 of the Amended Complaint.

33.     Monogram denies the allegations contained in Paragraph 33
of the Amended Complaint.

34.    Monogram denies the allegations contained in Paragraph 34

of the Amended Complaint and also denies the allegations and claims for relief in

the Wherefore clause following Paragraph 34 of the Amended Complaint.

## COUNT III

## BREACH OF CONTRACT WITH RESPECT TO THE IMPROPER RETENTION OF "SERVICE FEES" AND "DISCOUNT FEES"

35.    Monogram realleges and incorporates by reference its answer

to Paragraphs 1 through 25 of the Amended Complaint.

36.    Monogram denies the allegations contained in Paragraph 36

of the Amended Complaint.

37.    Monogram denies the allegations contained in Paragraph 37

of the Amended Complaint and also denies the allegations and claims for relief in

the Wherefore clause following Paragraph 37 of the Amended Complaint.

## COUNT IV

## UNJUST ENRICHMENT WITH RESPECT TO THE IMPROPER RETENTION OF "SERVICE FEES" AND "DISCOUNT FEES"

38.    Monogram realleges and incorporates by reference its answer

to Paragraphs 1 through 25 of the Amended Complaint.

39.    Monogram denies the allegations contained in Paragraph 39

of the Amended Complaint.

40.     Monogram denies the allegations contained in Paragraph 40

of the Amended Complaint.

41.     Monogram denies the allegations contained in Paragraph 41

of the Amended Complaint and also denies the allegations and claims for relief in

the Wherefore clause after Paragraph 41 of the Amended Complaint.

## COUNT V

## EQUITABLE REFORMATION WITH RESPECT TO THE RETENTION OF "SERVICE FEES" AND "DISCOUNT FEES"

42.     Monogram realleges and incorporates by reference its answer

to Paragraphs 1 through 25 of the Amended Complaint.

43.     Monogram denies the allegations contained in Paragraph 43

of the Amended Complaint.

44     Monogram denies the allegations contained in Paragraph 44

of the Amended Complaint.

45.     Monogram denies the allegations contained in Paragraph 45

of the Amended Complaint.

46.     Monogram denies the allegations contained in Paragraph 46

of the Amended Complaint.

47.     Monogram denies the allegations contained in Paragraph 47

of the Amended Complaint.

48.     Monogram denies the allegations contained in Paragraph 48

of the Amended Complaint.

49.     Monogram denies the allegations contained in Paragraph 49

of the Amended Complaint and also denies the allegations and claims for relief in

the Wherefore clause after Paragraph 49 of the Amended Complaint.

## COUNT VI

## BREACH OF CONTRACT WITH RESPECT TO THE
## FAILURE TO PAY PROMOTIONAL EXPENSES

50.     Monogram realleges and incorporates by reference its answer

to Paragraphs 1 through 25 of the Amended Complaint.

51.     Monogram denies the allegations contained in Paragraph 51

of the Amended Complaint.

52.     Monogram denies the allegations contained in Paragraph 52

of the Amended Complaint and also denies the allegations and claims for the relief

in the Wherefore clause after Paragraph 52 of the Amended Complaint.

## COUNT VII

### UNJUST ENRICHMENT WITH RESPECT TO THE
### FAILURE TO PAY PROMOTIONAL EXPENSES

53.     Monogram realleges and incorporates by reference its answer

to Paragraphs 1 through 25 of the Amended Complaint.

54.     Monogram denies the allegations contained in Paragraph 54

of the Amended Complaint.

55     Monogram denies the allegations contained in Paragraph 55

of the Amended Complaint.

56.     Monogram denies the allegations contained in Paragraph 56

of the Amended Complaint and also denies the allegations and claims for relief in

the Wherefore clause after Paragraph 56 of the Amended Complaint.

## COUNT VIII

### FRAUDULENT MISREPRESENTATION AND INDUCEMENT WITH
### RESPECT TO THE PAYMENT OF PROMOTIONAL EXPENSES

57.     Monogram realleges and incorporates by reference its answer

to Paragraphs 1 through 25 of the Amended Complaint.

58.     Monogram denies the allegations contained in Paragraph 58

of the Amended Complaint.

59.     Monogram denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Monogram denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Monogram denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Monogram denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Monogram denies the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Monogram denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Monogram denies the allegations contained in Paragraph 65 of the Amended Complaint and also denies the allegations and claims for relief in the Wherefore clause after Paragraph 65 of the Amended Complaint.

## COUNT IX

### NEGLIGENT MISREPRESENTATION AND INDUCEMENT
### WITH RESPECT TO THE PAYMENT OF PROMOTIONAL EXPENSES

66.    Monogram realleges and incorporates by reference its answer
to Paragraphs 1 through 25 of the Amended Complaint.

67.    Monogram denies the allegations contained in Paragraph 67
of the Amended Complaint.

68.    Monogram denies the allegations contained in Paragraph 68
of the Amended Complaint.

69.    Monogram denies the allegations contained in Paragraph 69
of the Amended Complaint.

70.    Monogram denies the allegations contained in Paragraph 70
of the Amended Complaint.

71.    Monogram denies the allegations contained in Paragraph 71
of the Amended Complaint.

72.    Monogram denies the allegations contained in Paragraph 72
of the Amended Complaint.

73.    Monogram denies the allegations contained in Paragraph 73
of the Amended Complaint and also denies the allegations and claims for relief in
the Wherefore clause after Paragraph 73 of the Amended Complaint.

## COUNT X

## EQUITABLE REFORMATION WITH RESPECT TO
## THE PAYMENT OF PROMOTIONAL EXPENSES

74.    Monogram realleges and incorporates by reference its answer
to Paragraphs 1 through 25 of the Amended Complaint.

75.    Monogram denies the allegations contained in Paragraph 75
of the Amended Complaint.

76.    Monogram denies the allegations contained in Paragraph 76
of the Amended Complaint.

77.    Monogram denies the allegations contained in Paragraph 77
of the Amended Complaint.

78.    Monogram denies the allegations contained in Paragraph 78
of the Amended Complaint.

79.    Monogram denies the allegations contained in Paragraph 79
of the Amended Complaint.

80.    Monogram denies the allegations contained in Paragraph 80
of the Amended Complaint.

81.    Monogram denies the allegations contained in Paragraph 81
of the Amended Complaint and also denies the allegations and claims for relief in
the Wherefore clause after Paragraph 81 of the Amended Complaint.

## COUNT XI

## BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

82.    Monogram realleges and incorporates by reference its answer to Paragraphs 1 through 25 of the Amended Complaint.

83.    Monogram denies the allegations contained in Paragraph 83 of the Amended Complaint.

84.    Monogram denies the allegations contained in Paragraph 84, 84(i), 84(ii), 84(iii), and 84(iv) of the Amended Complaint.

85.    Monogram denies the allegations contained in Paragraph 85 of the Amended Complaint and also denies the allegations and claims for relief in the Wherefore clause after Paragraph 85 of the Amended Complaint.

## COUNT XII

## EQUITABLE ACCOUNTING

86.    Monogram realleges and incorporates by reference its answer to Paragraphs 1 through 25 of the Amended Complaint.

87.    Monogram denies the allegations contained in Paragraph 87 of the Amended Complaint.

88.    Monogram denies the allegations contained in Paragraph 88 of the Amended Complaint.

89.    Monogram denies the allegations contained in Paragraph 89 of the Amended Complaint and also denies the allegations and claims for relief in the Wherefore clause after Paragraph 89 of the Amended Complaint.

## PUNITIVE DAMAGES

90.    Monogram denies the allegations contained in Paragraph 90 of the Amended Complaint.

91.    All allegations not expressly admitted herein are hereby denied.

### First Affirmative Defense

The Amended Complaint fails to set forth a claim upon which relief may be granted.

### Second Affirmative Defense

Counts I. II. III. VI. and XI are barred by the Statute of Frauds.

### Third Affirmative Defense

Count XI (Breach of Implied Duty of Good Faith and Fair Dealing) is barred because the implied duty of good faith and fair dealing cannot impose obligations that contradict the express terms of the contract.

### Fourth Affirmative Defense

Counts VIII (Fraudulent Misrepresentation and Inducement with Respect to the Payment of Promotional Expenses) and IX (Negligent

15

Misrepresentation and Inducement with Respect to the Payment of Promotional

Expenses) are barred by the economic loss rule.

### Fifth Affirmative Defense

Counts IV, V, VII, X, and XII (Equity claims) are plead without the

requisite specificity.

### Sixth Affirmative Defense

Counts IV and VII (Unjust Enrichment claims) are barred because

Plaintiff affirmed the express Contract.

### Seventh Affirmative Defense

Count XII (Equitable Accounting) is barred because there is an

adequate remedy at law.

### Eighth Affirmative Defense

The Agreement and Amendment are clear and unambiguous and

therefore, extrinsic evidence cannot be relied upon to change their express terms.

### Ninth Affirmative Defense

Monogram fulfilled its responsibilities under the terms of the

Agreement and Amendment.

### Tenth Affirmative Defense

The merger and amendment clauses contained in the Agreement

(Section 11.04 and 11.12 respectively) preclude any claims based upon an oral

representation.

### Eleventh Affirmative Defense

Some or all of the damages allegedly suffered by Plaintiff, if any, were caused, or contributed to, either wholly or partially, by the conduct or fault of Plaintiff or persons other than Monogram, and Plaintiff is thereby barred, in whole or in party, from the claims alleged herein.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Thirteenth Affirmative Defense

The Amended Complaint fails to set forth any course of conduct, any ultimate facts, or any action for which punitive damages can be awarded against Monogram.

### Fourteenth Affirmative Defense

Any actions taken by Monogram were to protect its own interests.

### Fifteenth Affirmative Defense

Any actions taken by Monogram were in good faith and were commercially reasonable.

### Sixteenth Affirmative Defense

Monogram is entitled to attorney's fees and costs pursuant to 1999 Ga. Code Ann. § 9-15-14.

### Seventeenth Affirmative Defense

The Court lacks subject matter jurisdiction over this action.

### Eighteenth Affirmative Defense

Plaintiff has failed to plead fraud (Count VIII) with particularity as

required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred because the claims seek damages from

Monogram that were not caused by Monogram and that would result in the unjust

enrichment of Plaintiff.

### Twentieth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches

### Twenty-First Affirmative Defense

Any injury or damage suffered by Plaintiff was a result of actions of

others, not Monogram.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred by its own unclean hands.

### Twenty-Third Affirmative Defense

Plaintiff is estopped from asserting the claims alleged in the

Complaint.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the statute of

limitations.

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP
Attorneys for Defendant
701 Brickell Avenue, Suite 2100
Miami, Florida 33131
Tel. (305)577-3100
Fax. (305) 374-7159

By: _____

Edward Soto (Fla. Bar #265144)
Jennifer Ator (Fla. Bar #0120911)

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served by mail upon Lash & Goldberg LLP, 100 S.E. 2nd Street, Suite 1200, NationsBank Tower, Miami, Florida 33131-2158 this 14th day of June, 2000.

_____